I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: June 30, 2011

DEPUTY CLERK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOHN W. BLEDSOE,<br><br>    Petitioner,<br><br>v.<br><br>MS. CASH, warden,<br><br>    Respondent. | Case No. CV 11-05012 TJH (AN)<br><br>ORDER SUMMARILY DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO OBTAIN PRIOR AUTHORIZATION FROM THE NINTH CIRCUIT |

## I. Background

On June 14, 2011, petitioner John W. Bledsoe, a state prisoner, filed his pending *pro se* petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254 ("§ 2254"). By his Petition, Bledsoe seeks federal habeas relief from his current state custody arising from his November 22, 1996 state conviction for first degree attempted burglary, in the California Superior Court for Los Angeles County, case no. TA044269 ("1996 Conviction"). (Pet. 2; Official records of California courts.[1])

---

[1] The Court takes judicial notice of the state appellate court records for Petitioner's case available on the internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

However, the Court finds its records[2] establish the Petition must be dismissed because it is an unauthorized successive petition.

Specifically, on May 24, 1999, Petitioner filed his first federal habeas petition (CV 99-05385 TJH (JWJ).) On November 2, 1999, the Court dismissed the action without prejudice due to failure to prosecute. (*Id.*, Report and Recommendation (dkt. 7) and Judgment (dkt. 18).)

On May 24, 2000, Petitioner filed his second petition (CV 00-05626 TJH (AIJ)) challenging his custody arising from his 1996 Conviction ("2000 Petition"). On February 22, 2001, the Court entered its judgment dismissing the 2000 Petition with prejudice because the court found it was time-barred. (*Id.*, Report and Recommendation (dkt. 16) and Judgment (dkt. 19).)

On April 3, 2008, Petitioner filed his third petition (CV 08-02208 TJH (JWJ)) challenging his custody arising from his 1996 Conviction ("April 2008 Petition"), raising nine grounds for relief. On July 16, 2008, the Court entered its judgment dismissing the April 2008 Petition without prejudice as a second and successive petition. (*Id.*, Order (dkt. 11) and Judgment (dkt. 12).)

On November 25, 2008, Petitioner filed his fourth petition (CV 08-07784 TJH (JWJ)) again challenging the 1996 Conviction ("November 2008 Petition"). Excluding page one, the November 2008 Petition, without exhibits, is an exact photocopy of the April 2008 Petition[3], and raises the same nine grounds for relief as the April 2008 Petition. On April 1, 2009, the Court entered its judgment dismissing the November 2008 Petition without prejudice as a successive petition. (*Id.*, Report and Recommendation (dkt. 6) and Judgment (dkt. 12).)

The pending Petition establishes Petitioner continues to seek federal habeas relief from his current state custody arising from his 1996 Conviction. Instead of stating

---

[2] The Court takes judicial notice of its own records and files. Fed. R. Evid. 201(b)(2); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[3] Page one of the November 2008 Petition shows a different address and case number than page one of the April 2008 Petition.

grounds for relief in paragraph 7 of the court-approved petition form, Petitioner variously leaves the spaces blank, states "N,A." and "See, Attachment." (Pet., 5-6[4/]). An examination of the attachments shows that Petitioner has attached 153 pages of exhibits, most significantly, a photocopy of the November 2008 Petition[5/] (Pet., Attach. Part 2 at 11-19, Ex. K) and a petition for writ of habeas corpus in the California Supreme Court. The California Supreme Court petition purports to raise two new claims. (Pet., Attach. Part 2 at 47-58). But the Petition fails to establish the United States Court of Appeals for the Ninth Circuit has authorized Petitioner to file a successive petition with this Court.

## II. Discussion

"A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). As for new claims, the United States Supreme Court has held:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); *Gonzalez v. Crosby,* 545 U.S.

---

[4/] Petitioner's pending Petition, including the exhibits, is 163 pages in length. (Dkt. 1.) The pages are not consecutively numbered from the first page in violation of the pagination requirements of Local Rule 11-3.3. Consequently, for convenience and clarity, this Order shall cite to the pages of the Petition by referring to the electronic pagination supplied by the Court's CM/ECF official electronic document filing system.

[5/] Page one of the November 2008 Petition has been modified to reflect an appellate court case number.

524, 529-530, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005); *see also Felker v. Turpin,* 518 U.S. 651, 656-657, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

*Burton v. Stewart,* 549 U.S. 147, 152-53, 127 S. Ct. 793 (2007). District courts lack jurisdiction to consider unauthorized successive petitions and must dismiss such petitions. *Id.,* § 2244(b)(2).

The Ninth Circuit has held the dismissal of a § 2254 habeas corpus petition as untimely constitutes a disposition on the merits, therefore, a further petition challenging the same conviction constitutes a "second or successive" petition for purposes of § 2244(b). *McNabb v. Yates,* 576 F.3d 1028, 1029 (9th Cir. 2009). Based upon *McNabb,* this Court finds Petitioner's pending Petition clearly constitutes a "second or successive" habeas petition relative to his 2000 Petition. The Petition and records of the Ninth Circuit further establish that Bledsoe has not sought and been granted authorization by the Ninth Circuit to file a successive petition with this Court for the purpose of raising any new federal habeas claims.

Therefore, the reference to the Magistrate Judge is vacated and the Petition is dismissed for lack of jurisdiction. *See Burton,* 549 U.S. at 152-53. The clerk is directed to enter the judgment dismissing the Petition. Any and all other pending motions are terminated. IT IS SO ORDERED.

Dated: June 27, 2011

_____
TERRY J. HATTER, JR.
SENIOR DISTRICT JUDGE

Presented by:

_____
Arthur Nakazato
United States Magistrate Judge

4